UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SATURNINO SOSOF MENDOZA,

Petitioner,

v.

CHRISTOPHER J. LaROSE, Senior Warden Otay Mesa Detention Center; TODD BLANCHE, Acting United States Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,

Respondents.

Case No.: 26-cv-3378 JES MSB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Saturnino Sosof Mendoza's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Response, which expressed its non-opposition to the Court ordering Petitioner's bond hearing under 8 U.S.C. § 1226(a). ECF No. 2; ECF No. 4 at 2. Petitioner then filed the Traverse. ECF No. 6. The Court has taken the matter under submission and for the reasons set forth below, the Court **GRANTS** the Petition.

# I.    BACKGROUND

Petitioner is a citizen of Guatemala who unlawfully entered the United States in approximately December 2021. Pet. ¶¶ 25–26. He was not apprehended at the time of entry and has no criminal history. *Id.* ¶ 26. Since then, Petitioner has been regularly employed in landscaping. *Id.* ¶ 25.

On May 1, 2026, immigration agents stopped a vehicle, in which Petitioner was a passenger and arrested him, without explanation. *Id.* ¶ 27. Petitioner was transferred between detention facilities in Florida before being brought to the Otay Mesa Detention Center in San Diego, California, where he remains in custody. *Id.* The Government, thereafter, initiated removal proceedings against Petitioner, which are still pending *Id.* ¶ 28.

Petitioner has not sought a bond redetermination from the Immigration Court because the immigration judges at Otay Mesa have concluded they lack jurisdiction to set bond. This stance is based on the Board of Immigration Appeal's precedential decision in *Matter of Yajure Hurtado*, rendering any administrative application futile. 29 I&N Dec. 216 (BIA 2025). Pet. ¶ 29.

# II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

//

//

### III.   DISCUSSION

The Court finds that the Petition's issues—specifically, the Court's jurisdiction and which statute governs Petitioner's detention—are analogous to those raised in the Court's decision in *Martinez Lopez v. Noem, et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2–7 (S.D. Cal. Oct. 30, 2025). The Court, therefore, elects to follow the reasoning stated therein and incorporates it by reference. *Id*.

### A.   Jurisdiction

The Court finds that 8 U.S.C. § 1252's jurisdiction-stripping provisions do not bar it from considering this habeas petition. *Id*. Moreover, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. *Id*. Imposing that requirement would be futile given the BIA's precedential decision in *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 2025), which held that noncitizens who entered without inspection are subject to mandatory detention under 8 U.S.C. § 1225(b) regardless of where or when they were apprehended. *See id*. at *4–5. Accordingly, the Court finds that it has jurisdiction to hear the Petition.

### B.   8 U.S.C. § 1226(a) Governs Petitioner's Detention

Although the Ninth Circuit stayed application of the *Maldonado Bautista* class certification to prospective members outside the Central District of California, this Court's rulings, when analyzing habeas cases with similar circumstances, have consistently been aligned with *Maldonado Bautista*'s holding. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026); *see, e.g.*, *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, at *2–3 (S.D. Cal. Feb. 25, 2026) (holding that noncitizens that entered the country without inspection and were not immediately apprehended near the border are subject to immigration detention under 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b); *Murillo-Ortiz v. LaRose*, No. 3:26-CV-1469-JES-BJW, 2026 WL 800556, at *2 (S.D. Cal. Mar. 23, 2026) (holding same); *Jasbir v. Warden, Imperial Reg'l Adult Det. Facility*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *2 (S.D. Cal. Feb. 9, 2026) (holding same).

Petitioner was not apprehended at or near the border. Pet. ¶ 1. He has resided in the United States and has been in Respondents' custody since March 12, 2026, well after his entry. *Id.* ¶¶ 1, 9. These facts make clear that Petitioner "was not actively entering, attempting to enter or had recently entered, the country when apprehended." *Martinez Lopez*, 2025 WL 3030457, at *6. Accordingly, the Court finds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), governs Petitioner's detention.

**C.    Petitioner Is Entitled to a Bond Hearing**

Noncitizens that are arrested and detained, pending a removal decision, may apply for release on bond or conditional parole. 8 U.S.C. §§ 1226(a)(2)(A)–(B). If the Government denies that request, the noncitizen may seek a bond hearing before an Immigration Judge. *See* 8 C.F.R. § 236.1(d)(1); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).

As the Court has found that 8 U.S.C. § 1226(a) applies to Petitioner's detention, and given the absence of any opposition from Respondents, Petitioner is entitled to, and shall receive, an individualized bond hearing under 8 U.S.C. § 1226(a). *See Aparicio Juan v. LaRose*, No. 3:26-cv-2099-JES-BJW (S.D. Cal. Apr. 15, 2026) (granting petition and ordering bond hearing under 8 U.S.C. § 1226(a) on materially identical facts); *see* ECF No. 4.

**IV.    CONCLUSION**

Accordingly, the Court **ORDERS** the following:

(1)    The Court **GRANTS** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2)    The Court **ORDERS** the Government to provide the noncitizen with an individualized bond hearing under 8 U.S.C. § 1226(a) within **fourteen (14) days** of this Order, unless the noncitizen requests a continuance;

(3)    Respondents are **ORDERED** to **FILE** a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing, including apprising the Court of the results of the hearing; and

4

26-cv-3378 JES MSB

(4)    The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____

Honorable James E. Simmons Jr.
United States District Judge

26-cv-3378 JES MSB